UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 17-11897-RGS

THANH VAN DANG

v.

SHERIFF JOSEPH D. MCDONALD, JR.

ORDER

October 4, 2017

STEARNS, D.J.

For the reasons stated below, the pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is DISMISSED without prejudice to its refiling.

INTRODUCTION

On October 2, 2017 petitioner Than Van Dang, a citizen of Vietnam and an immigration detainee currently held at the Plymouth County Correctional Facility in Plymouth, Massachusetts, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The $5.00 filing fee was paid.

Petitioner states that he was born in Vietnam in 1974 and entered the United States with his parents when he was 18 years old. Petitioner represents that due to criminal convictions for deportable offenses, a final

order of removal entered on July 24, 2000. He was taken into Immigration and Customs Enforcement ("ICE") custody on May 24, 2017.

A subsequent custody review determined that he will not be released from ICE custody pending his removal from the United States. Petitioner seeks immediate release under Zadvydas v. Davis, 533 U.S. 678 (2011) (an admissible alien can be held only for a "reasonable period," which is presumed to be six months, unless the government can show that there is a "significant likelihood of removal in the reasonably foreseeable future.").

DISCUSSION

A. Authority to Screen § 2241 Petition

The Rules Governing Section 2254 and 2255 Cases may be applied at the discretion of the district court to other habeas petitions. See Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254. Under Rule 4(b), the Court is required to examine a petition, and if it "plainly appears from the face of the motion . . . that the movant is not entitled to relief in the district court," the Court "shall make an order for its summary dismissal." Rule 4(b); McFarland v. Scott, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face). A petition for a writ of habeas corpus may also be summarily dismissed if it fails to set forth

facts that give rise to a cause of action under federal law. 28 U.S.C. § 2243; Marmol v. Dubois, 885 F. Supp. 444, 446 (D. Mass. 1994).

B. <u>Summary Dismissal – Ripeness of Petitioner's Claim</u>

Section 1231 of Title 8 of the United States Code provides that the Attorney General shall remove individuals who have been ordered removed within ninety (90) days, and that he may detain such individuals during this "removal period." Immigration and Nationality Act ("INA") § 241(a)(1)(2), 8 U.S.C. § 1231(a)(1)(2). This 90-day removal period is triggered on the latest of three dates. <u>See</u> INA § 241(a)(1)(B), 8 U.S.C. § 1231(a)(1)(B). Section 1231 also provides that if removal is not effected within 90 days, a detainee may be released under supervision, <u>see</u> 8 U.S.C. § 1231(a)(3), but that certain classes of individuals, including those convicted of certain crimes, may continue to be detained after the 90-day removal period. INA § 241(6), 8 U.S.C. § 1231(a)(6).

In <u>Zadvydas</u>, the Supreme Court held that under the Due Process clause, where an alien has been detained for a post-removal period of six months pursuant to the provisions of 8 U.S.C. § 1231(a)(6) and provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. <u>Zadvydas</u>, 533 U.S. at 701. If a habeas court

3

determines that removal is not "reasonably foreseeable," then it should order the alien released from custody, subject to conditions of supervised release "appropriate in the circumstances." Id. at 699-700. In other words, "after six months, if an individual provides good reason to believe that there is no significant likelihood of removal [in the reasonably foreseeable future], the detention is presumptively invalid and a bond hearing is required." Reid v. Donelan, 991 F. Supp. 2d 275, 278 (D. Mass. 2014) (internal quotation marks omitted).

Here, petitioner, by his own admission, was taken into ICE custody on May 24, 2017. Although he contends that ICE has not specified the status of any travel documents from Vietnam, nor whether the government of Vietnam has been contacted, he has been held for less than six months past the date his removal order became final. Here, the Zadvydas presumptively reasonable six-month removal period has not yet expired and any possible Zadvydas claim is not yet ripe for review. "A petition filed before the expiration date of the presumptively reasonable six months of detention [prescribed by Zadvydas] is properly dismissed as premature." Keita v. Sabol, No. 11-0248, 2011 WL 1375052, *2 (M.D. Pa. Apr. 12, 2011). Thus, the instant petition is premature and will be dismissed.

CONCLUSION

ACCORDINGLY, the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is DISMISSED without prejudice to its refiling.

SO ORDERED.

 /s/  Richard G. Stearns       
UNITED STATES DISTRICT JUDGE